1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

M-CUBED, LLC, et al.,

                    Plaintiff(s),

        v.

MAERSK, INC., et al.,

                    Defendant(s).

NO. C06-1403MJP

ORDER ON MOTION FOR
RECONSIDERATION

The above-entitled Court, having received and reviewed:

1.      Plaintiffs' Motion for Reconsideration (Dkt. No. 83)

2.      Defendants' Response to Plaintiffs' Motion for Reconsideration (Dkt. No. 91)

and all exhibits and declarations attached thereto, makes the following ruling:

        IT IS ORDERED that the motion is DENIED.

**Discussion**

        Civil Rule 7(h) of the Local Rules of the Western District of Washington states:

        Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the
        absence of a showing of manifest error in the prior ruling or a showing of new facts or legal
        authority which could not have been brought to its attention earlier with reasonable diligence.

        By this Court's order of November 29, 2007, partial summary judgment was granted to

Defendants.  Dkt. No. 80.  The ruling was premised on the Court's finding that Plaintiff had failed to

establish a "quasi-deviation" sufficient to avoid the liability limits of the shipping contract which it had

entered into with Defendant.

        Plaintiff characterizes the essence (and the error) of the Court's ruling as follows: Because

there is no proof that Defendant's agents intended the total loss or destruction of the MiG fuselage,

there can be no finding of quasi-deviation and therefore no claim for an exemption to the liability

**ORD ON MTN FOR
RECONSIDERATION - 1**

1  limitation under the bill of lading.  Pltf. Mtn, p. 3.[1]  Plaintiff then cites a number of cases which hold

2  that total loss or destruction are not required to meet the elements of "quasi-deviation."  *E.g.,* Nemeth

3  v. General S.S. Corp., 694, F.2d 609 (9th Cir. 1982); Hellenic Lines LTD v. U.S., 512 F.2d 1196 (2d

4  Cir. 1975); Spartus Corp. v. S/S Yafo, 590 F.2d 1310 (5th Cir. 1979); Calmaquip Engineering West

5  Hemisphere Corp. v. West Coast Carriers, Ltd., 650 F.2d 633 (5h Cir. 1981); Jindo Am., Inc. v. M/V

6  Tolten, 2003 AMC 1312, 2001 U.S. Dist. LEXIS 25460 at *3, *18 (C.D. Cal.); Surrendra (Overseas)

7  Private, Ltd. v. S.S. Hellenic Hero, 213 F.Supp. 97 (S.D.N.Y. 1963).[2]

8       There are several problems with Plaintiff's analysis.  The first is that, although it is true that

9  something less than total destruction will suffice to find quasi-deviation, Plaintiff cites no case that

10  holds that a delay in delivery (in and of itself) is enough to create an actionable deviation.  All of

11  Plaintiff's cases involve some form of destruction or loss of the property, which has not occurred here.

12  And the extent of that loss plays a role in the quasi-deviation analysis: "[T]he unreasonableness of the

13  deviation is 'determined largely by the extent, scope and nature of the risk. . . imposed on the cargo.'"

14  Vision Air Flight Service, Inc. v. M/V National Pride, 155 F.3d 1165, 1172 (9th Cir. 1998).

15       The second and fatal flaw in the motion is that Plaintiff ignores the required connection

16  between the type of injury (whether it is delay, partial loss or total destruction) and the intent of the

17  actor.  It may well be that a lengthy delay in delivery might suffice for a finding of quasi-deviation, but

18  an element of Plaintiff's proof is a showing that Defendant's agents intended a prolonged delay (or

19  were "substantially certain" that it would occur) when they made the decision to offload the cargo in

20  Hong Kong.  The best evidence Plaintiff could present was testimony by Defendant's agents that they

21  

22      [1] The Court does not agree with Plaintiff's characterization of the ruling, but clarification of this point is not necessary for purposes of analyzing Plaintiff's argument.

23  

24      [2] Plaintiff also cites, as a "seminal case relied on by the Ninth Circuit find [*sic*] quasi-deviation waives COGSA limitation of liability for partial loss, " Jones v. The Flying Clipper, 116 F.Supp. 386 (S.D.N.Y. 1953).  Pltf

25  Mtn, p. 2. Although this is a "partial loss" case, that fact was not significant to the court's holding and this Court does not find it to be persuasive authority in favor of Plaintiff's position.

26

1    knew that the offloading would create some temporary delay which they expected would be quickly

2    remedied (possibly with a fine against Maersk), following which the jet would be on its way.  The

3    delay which Defendant's agents <u>intended</u> is not sufficient in extent, scope or nature to meet that

4    element of Plaintiff's proof.[3]

5        It is worth pointing out that nowhere in Plaintiff's original motion for summary judgment do

6    they raise the issue of "delay" as an element of deviation at all.  Their entire argument is couched in

7    terms of "forfeiture," "seizure," "loss" and "damage."  Dkt. No. 42, pp. 18, 23.  In their responsive

8    pleadings to Defendant's summary judgment motion, they do make reference to "indefinite detention"

9    (Dkt. No. 60, pp. 3, 22), and the risks that could have been avoided if no deviation occurred (<u>Id.</u>, p.

10   17).  But even assuming that this is sufficient to raise the issue on a motion for reconsideration,

11   Plaintiff still has failed to establish that a genuine issue of material fact existed on the question of

12   Defendant's intent.

13       Finally, Plaintiff reproduces in some length the findings of the Hong Kong Magistrate who

14   ruled that the fuselage should be returned to Plaintiff.  Declaration of Yin, Exh. A.  The ruling includes

15   several findings that Maersk's agents knew they were in violation of the Hong Kong shipping

16   regulations when the undeclared MiG was offloaded in that port.  Plaintiff claims this as a "new fact"

17   which "further demonstrate[s] that Maersk actually believed that its actions would be substantially

18   certain to cause serious harm to the fuselage."  Pltf Mtn, p. 5.

19       Defendant has never controverted that its agents were aware that they were violating Hong

20   Kong customs regulations, so the Court does not consider this evidence to constitute a "new fact."

21   And even if it did, it does not alter the undisputed testimony that the agents' belief was that this

22

23

24       [3]  "Plaintiff concedes that not any slight delay or damage is sufficient" for a finding of quasi-deviation.  Pltf

25   Mtn., p. 3.

26   **ORD ON MTN FOR**
     **RECONSIDERATION - 3**

1    violation would result in a slight delay while they obtained the necessary papers and possibly incurred

2    a fine.  As previously ruled, this will not suffice to prove a quasi-deviation under the current case law.

3    **Conclusion**

4            Plaintiffs have established neither a manifest error of law, nor brought forth new facts sufficient

5    to support a reconsideration of the Court's original ruling.  Their motion for reconsideration will be

6    DENIED.

7

8            The clerk is directed to provide copies of this order to all counsel of record.

9            Dated:  February _22__, 2008

10

11                                                    Marsha J. Pechman
                                                      U.S. District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   **ORD ON MTN FOR**
     **RECONSIDERATION - 4**