FILED

MAR 11 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| M-CUBED LLC, a Washington limited liability company; JOHN T. SESSIONS HISTORIC AIRCRAFT FOUNDATION, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> MAERSK LINE LTD, a Delaware corporation, <br><br> Defendant, <br><br> and <br><br> MAERSK INC, a New Your corporation; AP MOLLER-MAERSK A/S, a Danish Company, <br><br> Defendants - Appellees. | No. 08-35194 <br><br> D.C. No. 2:06-cv-01403-MJP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 6, 2009
Seattle, Washington

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON and BEA, Circuit Judges, and MAHAN,[**] District Judge.

M-Cubed LLC ("M-Cubed") interlocutorily appeals the district court's partial grant of summary judgment in favor of Maersk Line Ltd. ("Maersk"). The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision.

I. Jurisdiction

"[D]istrict courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). The "savings to suitors" clause "permits the plaintiff to bring an action 'at law' in the federal district court, provided the requirements of diversity of citizenship and amount in controversy are met." *Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir. 1997). "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim . . . ." Fed. R. Civ. P. 9(h)(1). "If [Plaintiff] wants the admiralty rules to apply, the plaintiff or other party asserting a claim needs to include a statement in the pleadings substantially like the following: 'This is an

---

[**] The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

admiralty or maritime claim within the meaning of Rule 9(h).'" 1 Steven F. Friedell, Benedict on Admiralty § 133 at 8-67 (7th ed., rev. 2009). "If a claim arises within the admiralty jurisdiction and some other basis of federal jurisdiction and the plaintiff . . . does not want the admiralty procedures to be applied (for example if it wants to have a jury trial), then the Rules of Civil Procedure do not require the plaintiff . . . to state anything further." *Id*. § 133, at 8-68 (parenthetical in original).

In the case before us, M-Cubed did not designate its claim as an admiralty claim. Furthermore, M-Cubed's complaint made a jury demand, which would not be available in admiralty. *See* Fed. R. Civ. P. 38(e). M-Cubed's jurisdictional statement also clearly referenced the diversity and amount in controversy requirements of a case brought at law. The district court granted certification under 28 U.S.C. § 1292(b). Because we agree that resolution of this appeal would materially advance the ultimate termination of litigation, we exercise our discretion to permit this appeal. *See* 28 U.S.C. § 1292(b).

II. Analysis

As a preliminary matter, we conclude that the district court erred in barring the parties from filing reply briefs. We review a district court's compliance with local rules for an abuse of discretion. *Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007). Under Western District of Washington Local Civil Rule 7(b)(3), "[t]he

moving party may, within the time prescribed in [Local Civil Rule] 7(d), file . . . a reply brief in support of the motion, together with any supporting material described in subsection (1)." Here, however, the district court forbade the parties to file reply briefs and materials at any time, stating "I don't use them. I'm not going to read them." **[ER 19]**. The district court abused its discretion, and should have considered the reply materials.

Proceeding to the merits of this appeal, we review de novo a district court's decision to grant summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). Viewing the evidence in the light most favorable to the nonmoving party, we must determine if there are any genuine issues of material fact and whether the district court properly applied the law. *Id*. We conclude that there are triable issues of material fact. Specifically, a reasonable factfinder could conclude that Maersk intended to abandon the cargo to Hong Kong authorities, and therefore deviated from the contract of carriage. Prior to the cargo's arrival in Hong Kong, Maersk employees stated that the cargo "will be seized," and "knew that this sort of thing was something called strategic commodity - a license was required." Maersk employees also described the cargo to Hong Kong officials as a "military aircraft." Considering this evidence, a reasonable factfinder could find that Maersk was substantially certain that the MIG

was a strategic good subject to forfeiture. *See Vision Air Flight Serv., Inc. v. M/V National Pride*, 155 F.3d 1165, 1176 (9th Cir. 1998).

Accordingly, we REVERSE the district court's grant of summary judgment and REMAND for trial.

5